38 F.3d 609
 309 U.S.App.D.C. 34
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Alex O. AKINYEMI, Appellant
 Nos. 93-3109, 93-3122.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 19, 1994.
Rehearing and Suggestion for Rehearing In Banc Denied Dec. 22, 1994.
 
 Before: MIKVA, Chief Judge; SILBERMAN and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellants' convictions be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant Akinyemi challenges his convictions for conspiracy to distribute heroin and unlawful possession with intent to distribute heroin. Appellant Akrasi challenges his conviction for conspiracy to distribute heroin. Both Akinyemi and Akrasi question the sufficiency of the evidence to sustain the convictions. Akinyemi also claims that the district court erred in not granting him a reduction in sentence for acceptance of responsibility and Akrasi claims that the district court erred in not granting his motion to suppress evidence seized in his apartment. We are not persuaded by appellants' arguments and therefore affirm.
 
 A. AKRASI'S MOTION TO SUPPRESS
 
 5
 In Franks v. Delaware, 438 U.S. 154, 155-56 (1978), the Supreme Court held:
 
 
 6
 [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.
 
 
 7
 The Franks doctrine applies to cases in which the defendant alleges that critical information was purposefully omitted. See, e.g., United States v. Johnson, 696 F.2d 115, 118 n. 21 (D.C.Cir.1982). In such cases, if the addition of the omitted facts would not have altered the probable cause determination, then the trial court need not hold a hearing. See United States v. Colkley, 899 F.2d 297, 301 (4th Cir.1990).
 
 
 8
 Akrasi complains that the affidavit failed to recite that he was not present during several meetings at which the drug sale was discussed. Akrasi argues that because the affidavit mentioned only facts supporting the government's position and failed to mention facts he deems exculpatory, one must conclude that the favorable information was deliberately withheld. An affidavit in support of a search warrant, however, need not contain every fact. Davis, 617 F.2d at 694. Furthermore, the affidavit noted which co-conspirators were present during each transaction and, therefore, it logically follows that if someone was not mentioned he was not present.
 
 
 9
 Akrasi also argues that even if the omissions were not deliberate they were reckless. He asserts that recklessness is evidenced by the fact that the affidavit contained much of the same information found in the affidavit used in support of the warrant for Ballantine's apartment. Akrasi also states that not only did the agent copy more than 75 per cent of the first affidavit, but she neglected properly to number the new paragraphs in the second affidavit and the magistrate forgot to include the date by which the warrant had to be executed. The Supreme Court, however, has acknowledged that search warrant affidavits are usually drafted "in the midst and haste of a criminal investigation." United States v. Ventresca, 380 U.S. 102, 108 (1965). Therefore, the mere duplication of part of a prior affidavit or the misnumbering of paragraphs in the affidavit, is insufficient to demonstrate recklessness. Even if Akrasi could survive this first hurdle of the Franks test, the affidavit contained ample other allegations showing there was probable cause to believe that Akrasi's apartment was being used for drug trafficking.
 
 
 10
 Akrasi's argument that the magistrate was not neutral and detached is also without merit. Akrasi claims that because the magistrate signed the two search warrants, which were substantially the same, within four hours of each other, the magistrate must have relied on his familiarity with the evidence against Ballantine. Akrasi claims that the haste with which the affidavit was obtained also shows that the magistrate was not neutral. Akrasi cites no precedent to support these arguments. Had the two affidavits been presented to the magistrate simultaneously nothing would have prevented the magistrate from reviewing both. Therefore, Akrasi's challenges to the validity of the search warrant fails.
 
 B. SUFFICIENCY OF THE EVIDENCE
 
 11
 Both Akrasi and Akinyemi challenge the sufficiency of the evidence for conspiracy to distribute heroin. To prove that Akrasi and Akinyemi were guilty of conspiracy, the government was required to show that they entered into an agreement and that the agreement had as its objective a violation of the law. United States v. Lam Kwong-Wah, 924 F.2d 298, 303 (D.C.Cir.1991), cert. denied, 113 S.Ct. 28 (1992). See also United States v. Morris, 836 F.2d 1371, 1373 (D.C.Cir.1988) ("Since a conspiracy is by nature secret, the jury may fairly infer the existence of the agreement through either direct or circumstantial evidence."). No direct evidence of the terms of the agreement among the participants was needed. See, e.g., United States v. Wood, 879 F.2d 927, 938 (D.C.Cir.1989). Evidence that the defendants were aware of the structure of the enterprise and the participation of others is sufficient to prove conspiracy. See United States v. Sobamowo, 892 F.2d 90, 94-94 (D.C.Cir.1989), cert. denied, 498 U.S. 825 (1990).
 
 
 12
 The evidence shows that Akrasi was not present when Ballantine and Burgos first negotiated the heroin sale although the next day Akrasi told the agents that the deal would take place at his apartment and that he was the supplier. Akinyemi accompanied Burgos to Akinyemi's car from which Akinyemi retrieved the heroin and he walked over to Burgos' car with the heroin to get the money to complete the sale.
 
 
 13
 The jury could infer from the evidence that the defendants were working in concert to consummate a heroin sale. Each participant clearly played a role in carrying out the sale and was aware of the structure of the enterprise. Therefore, a reasonable jury could conclude that Akrasi and Akinyemi conspired to distribute heroin.
 
 C. ACCEPTANCE OF RESPONSIBILITY
 
 14
 Although proceeding to trial did not automatically prohibit Akinyemi from receiving a reduction in his offense level, the reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. Sec. 3E1.1, comment n. 2. See also United States v. Castillo-Valencia, 917 F.2d 494, 501 (11th Cir.1990) ("the entry of a not guilty plea and insistence upon a trial are factors that may be considered in deciding whether or not a defendant has in fact accepted responsibility for wrongful conduct"), cert. denied, 499 U.S. 925 (1991).
 
 
 15
 The determination of the sentencing judge concerning a defendant's acceptance of responsibility is entitled to great deference. U.S.S.G. Sec. 3E1.1, comment (n. 5); see United States v. Reid, 997 F.2d 1576 (D.C.Cir.1993), cert. denied, 114 S.Ct. 1105 (1994). The district court concluded that because Akinyemi put the government to its proof, he was not entitled to a two-point reduction in his offense level. Akinyemi's claim that he accepted responsibility in a pre-trial briefing and in a meeting with his probation officer in preparation for sentencing, does little to support Akinyemi's position given that he did not try to plead until after the government had made its case against him.